JANE E. GUY, Appellant, *v.* CHARLES A. LANGDON and HANNAH LANGDON, his Wife, Respondents.

*Contract between a father and a son, who agrees to pay a certain sum to a daughter — gift to the daughter void for want of delivery — not made valid by a decree in favor of the son for specific performance of the contract by the father.*

To constitute a valid gift *inter vivos* the donor must part with all dominion and control over the thing given.

A verbal agreement was made between a father and his son, whereby the son agreed to support the father and his wife during their respective lives, and the father agreed to give to the son all his property; such agreement further provided that after the death of the father and mother the son should pay out of the property of his father a certain specified sum to his sister, as a gift.

*Held,* that although the son took possession of his father's property, it could not be said that there was such complete delivery, by the father to his son, of the amount to go to the sister, at the time of making the contract, as would put it beyond the power of the father to reclaim it, or such as to work an immediate transfer of the title, and vest the same in the son as trustee for the benefit of his sister;

That the son's interest in such property would be forfeited upon his failure to perform the agreement under the contract;

That the fact that the specific performance of such a contract was decreed in an equity action, brought by the son against his father and sister, would not relate back and validate the gift to the sister, not a party to the contract, which was void in its inception for want of delivery, where the sister, prior to the determination of such action, treated such gift as invalid and did not accept of it in the form in which it was left by the contract.

APPEAL by the plaintiff, Jane E. Guy, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Washington on the 10th day of July, 1894, upon the decision of the court dismissing the plaintiff's complaint rendered after a trial at the Washington Circuit before the court without a jury.

*Charles R. Patterson,* for the appellant.

*J. M. Whitman,* for the respondents.

MAYHAM, P. J.:

The complaint in this action alleges in substance that on the 1st day of January, 1865, and from that time until the making of the parol agreement thereinafter mentioned, Henry D. Langdon, the plaintiff's father, was the owner of real and personal property of the value of over $10,000, and that subsequently, and in the month of January, 1865, Henry D. Langdon entered into an agreement with his son, Charles A. Langdon, defendant herein, in and by which, among other things, he agreed to give Charles A. Langdon all of his real and personal property, in consideration of which the defendant Charles A. Langdon agreed to support his father and mother during their respective lives, and their daughter Lydia, so long as she chose to reside at home, and pay to his two sisters, Lydia and this plaintiff, each the sum of $1,000, deducting, however, from the sum so to be paid the plaintiff the sum of $188.13, before that time advanced to her by her father.

The complaint also alleged that the agreement between her father and the defendant Charles A. Langdon was duly consummated by the said defendant taking possession of all the real and personal property of his father and supporting him and his wife during their lives, and that he has, ever since the making of the contract, owned, used and disposed of all the personal property of his father, Henry D. Langdon, and still has the possession and occupancy of the real estate covered by such contract.

That Henry D. Langdon died on the 20th of July, 1892, and his wife died some years previously. The complaint charges that the sum of $811.87 is due her on the contract above referred to, for which she asks judgment, and that the same be adjudged a specific lien upon the premises described in the complaint, prior and superior to any other incumbrance.

The answer admits substantially the allegations of the complaint, but alleges, among other things, that Henry D. Langdon violated the agreement set up in the complaint, by executing a mortgage to plaintiff and Lydia I. Boyce, each of $1,000 ; also, by giving to other parties a deed of the premises described in the complaint, while the defendant was in the possession of the same, under the agreement set out in the plaintiff's complaint.

The answer also alleges that said defendant was compelled to and did bring an action in the Supreme Court against Henry D. Langdon and this plaintiff and others, to set aside such mortgage and deed, on the ground that the same were in fraud of the rights of said defendant. The answer also, among other things, alleges that at the time of taking the mortgage of Henry D. Langdon the plaintiff induced the said Henry D. Langdon to destroy the will devising the real estate to the defendant, which he was, as a part of the contract, bound to make. The answer also alleges that said defendant recovered in the action to set aside the mortgage and deed, and therein recovered a judgment for costs, which has not been paid, and which he, in said answer, offers to set off against the plaintiff's claim.

On the trial the judgment roll, in the action brought by said defendant against this plaintiff and others to set aside the mortgage and deed referred to in the answer in this action, was put in evidence, wherein it appears that it was adjudged in that action that the contract was one enforcible in equity.

The referee in that action found as follows : " That the plaintiff should take possession of said farm and the personal property therein, and have such personal property, and should support the said Henry and his wife during their lives and their unmarried daughter Lydia until she married, and pay the said Henry's two daughters, Lydia and Jane, the sum of $1,000 each (less what Henry had advanced them), and that said plaintiff should have the personal property on said place and the use of the real estate, and said Henry would by will devise the real estate to plaintiff on his death; said payments to daughters was to be made on the death of said Henry, or before if plaintiff was able to make the payments "

The referee in that action found the following as conclusions of law : " I find that plaintiff is the equitable owner of the estate described in the complaint, and that said Henry D. Langdon held the title therefor in trust, and had no right to make the deeds and mortgages above mentioned. His execution of said deeds and mortgages was in violation of plaintiff's rights, and a fraud upon plaintiff; that the plaintiff is entitled to a judgment setting aside said mortgages and deeds. I, therefore, direct that judgment be entered in favor of plaintiff against the defendant, adjudging the said mortgages and said deeds fraudulent and void, and that said mortgages and deeds, and each of them, be cancelled and set aside, and the said premises covered by them be adjudged and decreed free and clear from any lien or charge on account of said mortgages or deeds, or either, and that said Henry convey said ten-acre lot to plaintiff, and that the plaintiff recover the costs of this action of the defendants."

Upon these findings of fact and conclusions of law a decree was perfected containing the following provisions : " And it is further ordered, adjudged and decreed that the equitable title to the premises last aforesaid is in the said plaintiff Charles A. Langdon, free, clear and discharged of any and every lien, charge or incumbrance whatsoever, so created by or on account of said mortgages to said defendants Jane E. Guy and Lydia I. Boyce, and the deed to the defendants Thomas, James and Alexander Densmore."

The evidence discloses that after the date of the report of the referee in the action to set aside the mortgage and deed above referred to, Henry D. Langdon entered into a written agreement with the defendant Charles A. Langdon. reciting the existence of the agree-

ment first above referred to, and the costs and expense to which the
defendant had been subjected by reason of the giving of the mort-
gage and deed, which had been vacated by the court, and reciting
also the agreement of the defendant to pay his sisters each $1,000,
and in and by such agreement assumed to release the defendant
from the payment of such sums to his sisters and required him
only to support Henry D. and his wife, as the consideration of the
transfer of his property, real and personal, to the defendant.

The plaintiff in this action contends that by the first contract
between Henry D. Langdon and Charles A. Langdon, the validity
of which was established in the action of *Charles A. Langdon* v.
*Henry D.*, this defendant and others, a valid trust was created in
her favor for $1,000, and that the same is, and was, irrevocable
either by the settlor or by any one else in the contract creating the
trust, either to annul or modify the same; and that the defendant,
by accepting the personal property and the possession of the real
estate, and thereafter asserting and enforcing his rights to the same
under the terms of that contract, became the trustee for this plain-
tiff for the $1,000 given by Henry D. Langdon to her, and having
as such trustee taken possession of the property out of which this
$1,000 was to be paid, the gift to her became a valid gift *inter
vivos* from her father with a valid and immediate delivery of the
property given to the defendant as trustee for her use, and could
not be divested by the donor or trustee without her consent.

To uphold this contention it must, it seems, be held that the
delivery of the property of Henry D. Langdon to the defendant
constituted a valid gift of the $1,000 to the plaintiff, and for her
benefit, delivered to the trustee for her use.

There being no legal liability from Henry D. to the plaintiff for
payment of this $1,000 to her, this transaction is unlike the case
of *Lawrence* v. *Fox* (20 N. Y. 268), and the plaintiff cannot rest a
recovery upon the authority of that case.

In that case the party to whom the promise was made, for the
benefit of the plaintiff, was the debtor of the plaintiff. No such
condition exists here, and the plaintiff, if she can recover at all,
must do so upon the theory that Henry D. made a valid executed
gift of this money to her, with a valid delivery to the defendant as
trustee for her benefit.

To constitute a valid gift *inter vivos* the donor must part with all dominion and control over the thing given.

It seems to me that, in this respect, the transaction failed to constitute a gift. The most that can be claimed for the contract between the defendant and his father was that a parol executory agreement was made between them for the payment by the defendant at some future time of the sum of $1,000 in consideration of the transfer to the defendant of all the personal and real property of Henry D., the legal title to the real property to remain in Henry D. during his life, and the transfer to depend upon the support of Henry D. and wife by the defendant during their lives. Clearly the vesting of this property in the defendant depended upon the happening of some future event.

Suppose, after the making of this contract the defendant had failed to furnish the support, and thus lost his equitable rights under this contract, could it be insisted that an equitable charge had been created against this property for the plaintiff's $1,000, which she could enforce through the defendant as her trustee? The answer is that she could not. There was, therefore, no such valid gift as would divest the donor of the title and possession of the subject gift. Nor was there such a vesting of the title and possession in the defendant, as trustee, at the time of making the contract so as to make him liable to the plaintiff as her trustee for this $1,000.

Failure on the part of the defendant to perform this contract for support would clearly have worked a forfeiture of his claim, under the contract, to this property.

That being so, it cannot be said that there was such a complete delivery of this $1,000 by Henry D. Langdon to the defendant, at the time of making this contract, as to put it beyond the power of the alleged donor to reclaim the same, or beyond the power of the defendant, by his failure to perform, to forfeit his rights to the property under the contract.

There was not, therefore, such a complete delivery of the subject of the alleged gift as to work an immediate transfer of the title, and vest the same in a trustee for the benefit of the plaintiff as is necessary to constitute a valid gift *inter vivos*.

But it is insisted by the appellant that the defendant, by invoking the aid of a court of equity in the enforcement of this con-

tract has estopped himself from alleging the invalidity of the gift of this $1,000 to the appellant, as that gift constituted a part of the consideration for this contract.

There would be force in that contention had the plaintiff accepted and adopted the gift under the contract, and not by her own act in conjunction with the alleged donor repudiated it and taken a mortgage on the premises embraced in the contract, thus denying the validity of the gift; but by that act it is manifest that she treated the gift as invalid and did not accept of it in the form in which the contract left it. But the equitable relief sought and obtained by the defendant grew out of a performance on his part, and operated only between the parties to the contract, and did not relate back and validate a gift to a stranger not a party to the contract, which was void in its inception for want of delivery.

As was said by the learned trial court, the equity in this case, which was enforced by the action, arose only between the parties creating it — clearly not for the benefit of strangers to the contract — and he adds: "To say an equity was worked out in favor of (the plaintiff) Jane is to admit that she had no gift of anything in the beginning; that the gift to her  *  *  *  was wholly dependent at all times upon the will of both of the contracting parties. This quality defeats the contention of a gift *in præsenti* and no other kind of a gift is recognizable."

The weakness in this case on the part of the plaintiff arises out of the fact that there was no valid gift of this $1,000 to the plaintiff or to the defendant as her trustee for her use.

This being so, we think the learned trial court was correct in its conclusions, and that the judgment must be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.